[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO REARGUE (#142) [MOTION FOR SUMMARY JUDGMENT (#136)]
Plaintiff Michael Korik brings the instant action to recover damages for personal injuries and property damage allegedly sustained as the result of a fire that occurred in his apartment. Named as defendants are Park Royal of Bridgeport Condominium Association ("Park Royal"), the owner of the building, and Levy-Levanthal-Nettleton Realty Services, Inc. ("Levy"), the managing agent of the building. On February 25, 1992, Park Royal filed a motion for summary judgment (#127), which was granted by this court (Spear, J.) on July 16, 1992. On August 31, 1993, Levy filed a motion for summary judgment (#136) which was denied by this court (Ballen, J.) at short calendar on November 8, 1993. On November 22, 1993, Levy filed a motion to articulate (#140) and a motion to reargue (#142). (Motions #140 and 142 were granted at a subsequent short calendar.) Levy seeks to reargue its motion for summary judgment on the ground that Park Royal's identical motion for summary judgment (#127) was previously granted by Judge Spear.
The law of the case is a flexible principle which expresses the practice of judges generally to refuse to reopen what has been decided. [Breen v. Phelps], 186 Conn. 86, 99,439 A.2d 1066 (1982). Where a matter has previously been ruled upon, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances. Id. On the date that Levy's motion for summary judgment (#136) was argued at short calendar, this court was without the benefit of Judge Spear's decision on Park Royal's motion for summary judgment (#127). The file was missing CT Page 4790 then and for a long period of time thereafter. Upon review of the file and a careful reading of Judge Spear's decision on Park Royal's motion for summary judgment, this court agrees with Judge Spear's ruling and thus chooses to follow that decision.
With respect to the plaintiff's argument that General Statutes § 29-292 imposes a duty on the defendants to install a smoke detector or other fire safety equipment, Judge Spear previously ruled that:
 As it existed on July 19, 1987, the date of the fire in the plaintiff's apartment, General Statutes § 29-292 required that the state fire safety code include a regulation mandating that smoke detection and warning equipment be provided to multifamily residential buildings [for which a building permit was issued on or after October 1, 1976]. The relevant portion of the applicable version of § 29-292 merely authorizes the state fire marshall to promulgate regulations setting forth the responsibilities of building owners. [For this reason, § 29-292 does not impose a duty itself].
 Nevertheless, even if § 29-292 did impose a duty, [that duty did not exist for buildings for which no building permit was issued after October 1, 1976]. . . .
 The plaintiff points out that § 29-292 was amended by Public Act 87-2, which deleted the building permit and October 1, 1976 date limitation, thereby requiring all multifamily residential buildings to be included in the mandatory smoke detector regulation. The legislature approved Public Act 87-2 on July 22, 1987 and deemed it effective as of that date. . . . Public Act 87-2 became effective three days [after] the fire in the plaintiff's apartment and, therefore, does not apply to the plaintiff's cause of action. CT Page 4791
(Emphasis added.) (Memorandum of decision re: Park Royal's motion for summary judgment at pp. 4-5.)
With respect to the plaintiff's argument that § 19-3.4.4.1 of the state fire safety code creates a duty to install smoke detectors and other fire safety equipment, Judge Spear ruled that:
 No fire safety code regulation could have imposed a duty upon the defendant that was not authorized by the enabling legislation. . . . [D]efendant owed no duty to the plaintiff to install fire detection equipment pursuant to the fire safety code.
(Memorandum of decision at p. 6.)
With respect to the plaintiff's argument that the duty to install smoke detectors and fire safety equipment exists at common law, Judge Spear held that:
 Absent allegations or evidence of specific problems relating to the lack of smoke detection equipment prior to the fire, the plaintiff has not established a basis for holding the defendant liable because no common law duty to provide such equipment exists.
(Memorandum of decision at p. 7.) Based on these rulings, Judge Spear entered summary judgment in favor of defendant Park Royal.
Judge Spear's ruling that the building owner, Park Royal, had no duty to install smoke detection equipment, must also apply to the building's managing agent Levy. If both the statute and the common law do not impose a duty upon the building owner in this situation, then they cannot impose such a duty on the owner's managing agent. Because the plaintiff makes the same arguments and presents the same evidence in opposing Levy's motion for summary judgment (which is practically identical to Park Royal's prior motion for summary judgment), those arguments must fail in light of Judge Spear's previous ruling on Park Royal's motion for summary judgment (#127).
Accordingly, the court adopts Judge Spear's ruling and CT Page 4792 grants Levy's motion for summary judgment (#136).
BALLEN, J.